NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSMIN MELGAR, individually and on behalf of all others similarly situated, Plaintiff-Appellee, v. CSK AUTO, INC., an Arizona Corporation, Defendant-Appellant. | No.   16-15373 D.C. No. 3:13-cv-03769-EMC MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before:  CANBY, SILER,[**] and HURWITZ, Circuit Judges.

On interlocutory appeal, Defendant CSK Auto, Inc., now known as O'Reilly

Auto Enterprises, LLC ("O'Reilly"), challenges the district court's order certifying

a class of O'Reilly's retail store managers and assistant managers in California.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We affirm.

Without deciding the validity of the district court's interpretation of the liability standard under California Labor Code § 2802, we hold that the district court did not abuse its discretion by relying on its interpretation in finding the commonality requirement satisfied. *See* Fed. R. Civ. P. 23(a). The district court properly examined whether the lawfulness of O'Reilly's reimbursement policy would serve to "generate common answers apt to drive the resolution of the litigation." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotation marks and emphasis omitted).

Nor did the district court abuse its discretion by certifying a fail-safe class. A fail-safe class is commonly defined as limiting membership to plaintiffs described by their theory of liability in the class definition such that the definition presupposes success on the merits. *See* William B. Rubenstein, *Newberg on Class Actions* § 3:6 (5th ed. 2016). Here, the class definition did not presuppose its success, because the liability standard applied by the district court required class members to prove more facts to establish liability than are referenced in the class definition. We further note, though we do not hold, that our circuit's caselaw appears to disapprove of the premise that a class can be fail-safe. *See Vizcaino v. United States District Court*, 173 F.3d 713, 721–22 (9th Cir. 1999) (rejecting a claim that a class definition defining the plaintiffs as common law employees

assumed their contested legal status and was therefore "circular").

The district court did not abuse its discretion by certifying a class with a self-certification process for absent class members. Our recent decision in *Briseno v. ConAgra Foods, Inc.* controls, foreclosing O'Reilly's argument that a self-identifying class is not "administratively feasible" at the certification stage. 844 F.3d 1121 (9th Cir. 2017). *Briseno* rejects O'Reilly's due process concern with respect to this case, specifically that claimants "will eventually offer only a 'self-serving affidavit' as proof of class membership." *See id.* at 1132.

**AFFIRMED.**